## IN THE MATTER OF L. HEE.

### September 15, 1904.

*Bankruptcy.—Involuntary Proceedings:*

*Partnership.—Creditors of Individual Partner:* Creditors of a partnership are creditors of each partner thereof and may petition for adjudication of bankruptcy against a partner.

*Same.—Proceedings Against Individual Partner:* The doctrine of the entity of a partnership, which requires a petition specifically directed against it in proceedings for adjudication, in which the partnership estate is involved, does not apply to proceedings in bankruptcy against a partner.

*Same.—Adjudication.—Right of Creditor to:* Creditors may not be deprived of their right to adjudication on the ground that it will not benefit them.

In Bankruptcy: Motion to Dismiss Petition.

W. Austin Whiting, Attorney for Petitioners.
Thayer & Hemenway, Attorneys for Contesting Creditors.

Dole, J.   This is a petition in involuntary bankruptcy from five business houses doing business in Honolulu, of which one is a partnership.   They claim that the respondent is indebted to them in the aggregate sum of $1,230.60 in excess of any securities held by them.   An answer is filed by other creditors of the said L. Hee, in which they claim that the petitioning creditors are creditors of a certain partnership firm known as Wing Chong Tai, of which the partners are L. Hee, respondent, and Lo Kwong Kui, *alias* Lau Kwong Kae, and not creditors of L. Hee in his individual capacity; that the said co-partnership has been in existence since January 18th, 1897, and has not been dissolved but that its place of business was destroyed by the conflagration known as the Chinatown fire; that since that time the said L. Hee has been engaged in business as an individual in North Kohala, Island of Hawaii, and that on the 17th day of August, 1903, being indebted to various persons on account of said individual business, in amounts which he was unable to pay in full, he made an assignment of all his individual property in said North Kohala for the benefit of all said creditors to Hoffschlaeger Company, Limited.   Such petition also alleges that L. Hee has left the Territory and has no agent within the jurisdiction.   The truth of this being shown, service by publication and by mail was made and the case thereafter came to trial.

The petitioning creditors introduced testimony in support of their petition and when they rested the contesting creditors moved to dismiss the proceedings on the ground of insufficiency of the testimony to show that the petitioners hold provable claims

to the amount of $500; also that a partnership is an entity, and all parties must be before the court; also because the petitioners are partnership creditors and the partnership has committed no act of bankruptcy and finally that an adjudication of bankruptcy would not benefit petitioners and would result in a diminution of the estate.

I find that the petitioners have made out a *prima facie* case as to holding provable claims against respondent to the extent of over $500. Their original accounts of sales to the respondent, which were a basis of their claims, were destroyed in the Chinatown fire of January, 1900. This was satisfactorily shown and secondary evidence, in the way of ledgers and copies or abstracts of the contents of such original accounts, was allowed to be introduced or to be referred to by witnesses, against the objections of counsel for the contesting creditors. Beside such evidence, the claim of Yee Wo Chan & Co. to the extent of $497.40 was proved, *prima facie,* by a promissory note satisfactorily shown to have been executed by L. Hee by his business or firm name of Wing Chong Tai and delivered by him to Wong Chow, the managing partner, and in relation to all the claims there was evidence that the respondent was repeatedly requested to settle and without disputing the same, made various promises to pay when he was able, referring sometimes to the possibility of his being in funds from the profits of his Kohala store and sometimes to the prospect of realizing on his fire claim.

In regard to the contention that the claims of these petitioners are against the partnership referred to in the answer as Wing Chong Tai, all knowledge of such partnership is denied by each petitioning creditor, they all testifying that they did business with L. Hee as an individual, and the name Wing Chong Tai was known to them, but supposed by them to be his business name. It is not necessary for the court to decide this point because it makes no difference as to their right of petitioning for the adjudication of L. Hee as a bankrupt, whether they were creditors of a partnership of which he was a member or

whether they were creditors of L. Hee in his individual capacity, a partner of the partnership being liable for all the partnership debts.

In the case of *In re Mercur,* 2 Am. B. R. 626, 627, I find the following:

"The creditors of a partnership are also creditors of each individual member and have a right to petition against him as well as against the firm."

Also *In re Bates,* 100 Fed. Rep., 263, (Syllabus):

"A partnership debt on which a bankrupt partner remains liable, is none the less provable against his estate because there may be no surplus of his individual assets over his separate debts."

The objection that adjudication will not benefit the petitioners does not appeal to the court, for if these petitioners have a right to petition, it is for them to decide whether it is for their benefit or not. In regard to the point made as to a partnership being an entity, it seems to have no application to the issue raised by the motion to dismiss. The petition makes no reference to a partnership but asks that L. Hee be adjudged a bankrupt. The answer of the contesting creditors raises the question of a partnership, but whether there is a partnership or not, makes no difference in the matter of this motion as the question of the bankruptcy of L. Hee as an individual is the sole object of these proceedings, and the creditors of the alleged partnership, as well as the creditors of L. Hee as an individual, may petition for adjudication as stated above.

In accordance with these views, and an act of bankruptcy by L. Hee being admitted by the answer, the motion to dismiss is overruled.